IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., and <br> AT&T MOBILITY LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> Civil Action No. 6:13-cv-028-MHS <br><br> **JURY TRIAL DEMANDED** |

# DEFENDANT AT&T MOBILITY LLC'S
# ANSWER TO ADAPTIX, INC.'S
# ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant AT&T Mobility LLC ("AT&T") answers Plaintiff Adaptix, Inc.'s ("Adaptix") Original Complaint for Patent Infringement ("Complaint") as follows:

## I.  AT&T'S ANSWER

## THE PARTIES

1. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. Except that, upon information and belief, Apple, Inc. is a California Corporation with principal place of business at 1 Infinite Loop, Cupertino, California 95014, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3. AT&T Inc. has been dismissed from this lawsuit, so no response is required.

4. AT&T admits that AT&T Mobility LLC is a Delaware corporation with its principal place of business at 1025 Lenox Park Blvd., NE, Atlanta, Georgia 30319 and does business in

the judicial district at 5976 West Parker Road, Plano, Texas 75093.  AT&T further admits that AT&T Mobility LLC's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.  AT&T denies all other allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.	AT&T admits that the Complaint constitutes an action arising under the patent laws of the United States, Title 35, United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  AT&T denies that the Complaint states a valid cause of action for patent infringement against AT&T.

6.	AT&T admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(b-c) and 1400(b); however, for the reasons set out in DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) filed August 13, 2012 in *Adaptix, Inc. v. Apple, Inc. et al.*, Case No. 6:12-cv-00125 (Docket No. 40) (and related cases consolidated for pre-trial under Case No. 6:12-cv-00016), AT&T denies that this District is the proper venue for adjudication of the claims raised by Plaintiff in this action.  AT&T admits that AT&T Mobility LLC conducts business in this Judicial District, but denies that a cause of action for patent infringement has arisen as a result of its activities and specifically denies that such activities have constituted patent infringement in this district or elsewhere.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 6 of the Complaint, and therefore denies the same.

7.	AT&T does not contest that AT&T Mobility LLC is subject to the Court's general personal jurisdiction, but AT&T denies it has committed any act of infringement.  AT&T admits that AT&T Mobility LLC is subject to specific personal jurisdiction in this Judicial District.  AT&T denies all other allegations in paragraph 7 of the Complaint that are directed towards

AT&T.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 7 of the Complaint, and therefore denies the same.

## COUNT I

### (Alleged Infringement of U.S. Patent No. 7,454,212)

8.      AT&T admits that a purported copy of U.S. Patent No. 7,454,212 ("the '212 patent") is attached to Plaintiff's Complaint as Exhibit A and that on its face it is entitled, "OFDMA With Adaptive Subcarrier-Cluster Configuration and Selective Loading."  AT&T further admits that the face of the '212 patent states that Adaptix, Inc. is the assignee.  AT&T denies that the '212 patent was duly and legally issued.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9.      AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.     AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 patent.  AT&T admits that it sells the iPhone 5 and iPad mini.  AT&T denies all other allegations in paragraph 10 of the Complaint.

11.     AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 patent.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.     AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 patent.  AT&T denies that it has caused irreparable injury to Adaptix.  Further, AT&T denies that a permanent injunction is warranted or would serve the public interest.  As to the remaining allegations, AT&T is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

## COUNT II

### (Alleged Infringement of U.S. Patent No. 6,947,748)

13. AT&T admits that a purported copy of U.S. Patent No. 6,947,748 ("the '748 patent") is attached to Plaintiff's Complaint as Exhibit B and that on its face it is entitled, "OFDMA With Adaptive Subcarrier-Cluster Configuration and Selective Loading." AT&T further admits that the face of the '748 patent states that Adaptix, Inc. is the assignee. AT&T denies that the '748 patent was duly and legally issued. As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 patent. AT&T admits that it sells the iPhone 5 and iPad mini. AT&T denies all other allegations in paragraph 15 of the Complaint.

16. AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 patent. As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 patent. AT&T denies that it has caused irreparable injury to Adaptix. Further, AT&T denies that a permanent injunction is warranted or would serve the public interest. As to the remaining allegations, AT&T is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

## AT&T'S ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

As to AT&T, AT&T denies that Plaintiff is entitled to any of the relief sought in the Complaint.  As to any other defendant, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding relief specified in the Complaint, and therefore denies these allegations.

To the extent not expressly addressed above, AT&T denies the factual allegations in the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial, which requires no answer from AT&T.

## II.   AT&T'S DEFENSES

For its defenses, AT&T incorporates by reference as if fully set forth herein its responses to Paragraphs 1-17 of Plaintiff's Complaint.  Without assuming any burden other than that imposed by operation of law, AT&T asserts these defenses without admitting that AT&T bears the burden of proof on any of them.

## FIRST DEFENSE
## (Non-Infringement)

18.     AT&T does not infringe and has not infringed, either literally or by doctrine of equivalents, any valid and enforceable claim of either the '212 patent or the '748 patent, whether directly or indirectly, such as, by contributory infringement or by induced infringement.

## SECOND DEFENSE

### (Invalidity)

19. On information and belief, the claims of the '212 patent and of the '748 patent are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and 282.

## THIRD DEFENSE

### (Limitations on Damages)

20. Plaintiff's ability to recover damages under 35 U.S.C. §§ 286-287 is limited.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

21. Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting the doctrine of equivalents as to the arguments and/or amendments made to obtain allowance of the patent applications that issued as the '212 patent and the '748 patent.

## FIFTH DEFENSE

### (28 U.S.C. § 1498)

22. Plaintiff's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent it claims infringement of devices sold to and/or designed for the United States.

## SIXTH DEFENSE

### (Acquiescence, Estoppel, Laches, Waiver)

23. Plaintiff is barred by the doctrines of acquiescence, estoppel, laches, and/or waiver from enforcing the '212 patent and the '748 patent against AT&T.

## SEVENTH DEFENSE

### (Limitations on Costs)

24. Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

## EIGHTH DEFENSE

## (Failure to Mark)

25. On information and belief, Plaintiff has failed to mark or cause to be marked patented articles with the numbers of the '212 patent and the '748 patent.

26. 35 U.S.C. § 287 precludes Plaintiff from recovering any damages for alleged infringement, if any, that occurred prior to the time it provided the required notice to AT&T.

## NINTH DEFENSE

## (No Entitlement to Injunctive Relief)

27. Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for any alleged infringement on the part of AT&T, nor would such an injunction serve the public interest.

## TENTH DEFENSE

## (License)

28. On information and belief, Plaintiff is precluded from recovering any damages because AT&T is licensed.

## RESERVATION OF RIGHTS

29. AT&T continues to investigate this matter and reserves the right to amend its Answer, add counterclaims and any additional defenses not presented herein, including, but not limited to those defenses revealed during discovery.

## AT&T'S PRAYER FOR RELIEF

WHEREFORE, AT&T respectfully prays for the following relief:

A. That this Court declare and decree that AT&T has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any

valid and enforceable claim of the '212 patent and the '748 patent by any product or service of AT&T.

B. That this Court declare and decree that the '212 patent and the '748 patent are invalid.

C. That this Court find that this is an exceptional case under the provisions of 35 U.S.C. § 285 in favor of AT&T, and award AT&T its costs and reasonable attorney's fees incurred as a result of this action; and

D. That AT&T be granted such further relief as the Court deems just and proper.

Respectfully submitted,

Date: February 1, 2013      /s/ *David R. Clonts*

David R. Clonts (Bar No. 04403700)
dclonts@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana St., 44th Floor
Houston, TX 77002-5200
Phone: (713) 220-5800
Fax: (713) 236-0822

*Of Counsel*
Christopher A. Hughes (*pro hac* pending)
James T. Bailey (*pro hac* pending)
John T. Moehringer (*pro hac* pending)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Phone: (212) 504-6891
Fax: (212) 504-6666
Christopher.Hughes@cwt.com
James.Bailey@cwt.com
John.Moehringer@cwt.com

ATTORNEYS FOR DEFENDANT
AT&T MOBILITY LLC

## **CERTIFICATE OF SERVICE**

I certify that on February 1, 2013 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *David R. Clonts*
David R. Clonts

USActive 27341903.1