HAYES
MESSINA
GILMAN
& HAYES
LLC

The Honorable Paul S. Grewal                                            August 20, 2013
United States Magistrate Judge
United States District Court
Northern District of California – San Jose Division

**Re: Adaptix, Inc. v. Apple Inc., et. al., Case No. 5:13-cv-2023 (PSG), Reply Letter Brief Concerning Infringement Contentions Served Without Leave of Court**

Dear Magistrate Judge Grewal,

      Plaintiff, Adaptix, Inc. ("Adaptix"), submits this letter brief in response to Defendants Apple Inc., and AT&T Mobility LLC's (collectively "Defendants") Letter Brief Concerning Infringement Contentions Served Without Leave of Court, filed on August 16, 2013.

### I.  Statement Of The Facts

      This case was originally filed against Defendants on January 4, 2013 in the Eastern District of Texas.  Shortly thereafter, Defendants filed a motion to change venue to the Northern District of California, which was granted in mid-April of this year.  An initial case management conference in the action did not take place until July 16, 2013 and did not conclude until August 6, 2013.  Adaptix served its Preliminary Infringement Contentions ("PICs") in this case on August 7, 2013, one day following the conclusion of the August 6, 2013 Case Management Conference.

### II.  Adaptix's Infringement Contentions In The Instant Case Are Proper

      Despite Defendants' contentions to the contrary, Adaptix has not attempted to serve "new" Infringement Contentions on Defendants because, prior to serving its August 7, 2013 PICs, Adaptix had yet to serve *any* Infringement Contentions in this case.  Defendants attempt to conflate the circumstances of the remaining coordinated California cases, where Infringement Contentions had already been served, with the circumstances of the instant case, where Infringement Contentions had not been served.  To buttress their argument, Defendants present an out-of-context assertion that Adaptix made in the Joint Case Management Statement concerning an issue wholly unrelated to the present one, namely the propriety of Adaptix's reliance on an industry standard in formulating its PICs in response to a Motion to Compel Adaptix to Comply with Local Patent Rule 3-1 in the Eastern District of Texas.  *See Joint Case Management Statement and Rule 26(f) Report*, 5:13-cv-2023, Dkt. #77 at 7, 17-28 and *Adapitx's Opposition to Defendants' Cross-Motion to Compel Adaptix to Comply With Patent Rule 3-1¸* 6:12-cv-17, Dkt. # 125.  Defendants also allude to the fact that the Court in the remaining coordinated California cases has required Adaptix to file a motion for leave to supplement its infringement contentions if Adaptix should wish to add new devices or claims to its already-served contentions.  Taken together, Defendants assert, Adaptix must serve infringement contentions identical to those served in the remaining coordinated California cases. Defendants' argument, however, glosses over more than a few key facts.

      First, as Defendants acknowledge, Adaptix is required to seek leave of the Court only to

06048662

serve "new" infringement contentions in the remaining coordinated California cases.  The term "new" here is key.  During case management discussions, Adaptix sought to serve updated (i.e. "new") infringement contentions in the related California actions to add both new devices and additional claims in lieu of seeking leave from the Court to so update its infringement contentions in those cases where Adaptix had, months prior to transfer, already served infringement contentions.  Moreover, at the time the remaining coordinated California cases were transferred from Texas, Adaptix would have had to seek leave from the Eastern District of Texas to amend its infringement contentions in those cases.  However, the instant case was not filed until January 2013, and a case management conference was not held until July 16, 2013.  Because a case management conference did not take place in -2023 until transfer to California, Adaptix could not serve original infringement contentions until it did so timely on August 7, 2013, one day following the conclusion of case management.  Most importantly, unlike in the remaining California cases, Adaptix would not have had to seek leave from the Eastern District of Texas to include the six dependent claims in question, because Adaptix would have included those claims in its PICs in Texas, or would have timely amended those PICs to include these claims without the need for leave.

Second, Defendants object to Adaptix's so-called "new theory of infringement" that would allegedly result from inclusion of the claims at issue, and contend that it is unfair for Adaptix to surprise Defendants with this "new theory."  As Defendants allege, they have relied to their detriment on the notion that, as Defendants put it, "Adaptix represented that its infringement theory was the same for all Defendants and all products."  However, Defendants' alleged surprise and claims of prejudice are altogether disingenuous.  As Defendants are well aware, Adaptix sought to supplement its infringement contentions in the remaining coordinated California cases no less than five months ago, and has sought to add these six claims in every action where the patents-in-suit are at issue—both in California and in Texas.  Adaptix's "theory of infringement" therefore has remained consistent in every action in which Adaptix has filed suit on the '212 and '748 patents.  Moreover, Defendants wholly fail to substantiate how the inclusion of six *dependent* claims would consitute a "new theory of infringement" by Adaptix.  More to the point, as Defendants know, just recently, the Eastern District of Texas granted Adaptix's motion to include the dependent claims in question in each of the three Texas cases not transferred to California in mid-April.  *See generally* Order on Motion for Leave to File, 6:12-cv-017 Dkt. # 154.   If Defendants are indeed concerned that Adaptix's "theory of infringement" is not uniform in all related cases concerning the '748 and '212 patents, I would submit that, in the interest of uniformity, Defendants should now consent to Adaptix's inclusion of the claims in question in Adaptix's PICs.

### III.   Defendants' Present Motion Is Premature At Best In Light Of Pending Motions Before This Court And At Odds With Principles Of Judicial Economy

As Defendants know, Adaptix is presently seeking leave to amend its infringement contentions in each of the remaining coordinated California cases to include the claims at issue, as Adaptix would have been required to do had those cases remained in Texas.  Should the Court grant any of those motions, this will obviate Defendants' objection that Adaptix's inclusion of the six dependent claims in the instant case would "unsettle a uniform schedule for all Related actions."  In the meantime, the Court would be required to render an opinion in this case that could be at odds with its rulings on individual motions for leave in the other coordinated California cases.  Moreover, from a judicial economy perspective, if Adaptix were not permitted to include these six dependent claims in its PICs, Adaptix might have to file a new lawsuit to include these claims.  This would result in a considerable waste of both the parties' resources and the Court's and might result

300 Brickstone Square
Suite 901
Andover, MA 01810

174 Main Street
Suite 17
Nashua, NH 03060

T: 978.809.3850
F: 978.809.3869

in inconsistent holdings in related cases.

### IV.    Defendants Will Not Suffer Prejudice From Adaptix Properly Served PICs

Finally, Adaptix's inclusion of dependent claims 3, 4, 15, 21, 27, and 29 of the '212 Patent will not prejudice Defendants.  In fact, inclusion of these six dependent claims will almost certainly serve to more fully explain Adaptix's infringement allegations.  Additionally, as these six claims are dependent upon claims already asserted in PICs that Adaptix served on other coordinated California Defendants, and as their inclusion would not result in a new theory of infringement, their inclusion will result in minimal additional preparation by Defendants in light of work already done in the remaining coordinated California cases.  This is especially true considering that the claim construction hearing in this case is scheduled to take place more than two months from now.  Accordingly, the Court should deny the relief sought by Defendants and allow Adaptix to serve its PICs as presently constituted on Defendants.

### V.    Conclusion

For the preceding reasons, Adaptix submits that it has properly served its preliminary infringement contentions in this case on August 7, 2013, and as such they should not be stricken.

Respectfully Submitted,
**ADAPTIX, INC.**

Dated:  August 20, 2013

By: */s/ Paul J. Hayes*
Paul J. Hayes (*pro hac vice*)
Steven E. Lipman (*pro hac vice*)
**HAYES MESSINA GILMAN & HAYES, LLC**
300 Brickstone Square, 9th Floor
Andover, MA 01810
phayes@hayesmessina.com
slipman@hayesmessina.com
Telephone: (978) 809-3850
Facsimile: (978) 809-3869

| | |
|---|---|
| Christopher D. Banys | (CA Sate Bar: 230038) |
| Richard C. Lin | (CA State Bar: 209233) |
| Daniel M. Shafer | (CA State Bar: 244839) |

cdb@banyspc.com
rcl@banyspc.com
dms@banyspc.com
BANYS, P.C.
Palo Alto, CA 94303
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**

300 Brickstone Square  
Suite 901  
Andover, MA 01810

174 Main Street  
Suite 17  
Nashua, NH 03060

T: 978.809.3850  
F: 978.809.3869