UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, HTC CORPORATION, INC., and HTC AMERICA, INC.,<br><br>Defendants. | Case No. 5:13-cv-01778 PSG<br><br>**ORDER RE: MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 123)** |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., and AT&T MOBILITY LLC,<br><br>Defendants. | Case No. 5:13-cv-02023 PSG<br><br>**ORDER RE: MOTION TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket No. 93)** |

The court has before it six related patent infringement suits brought by Plaintiff Adaptix, Inc. ("Adaptix") against various defendants, including the two cases implicated here. In Case No.

Case No.: 13-1778
ORDER RE: INFRINGEMENT CONTENTIONS

5:13-cv-1778 ("the '1778 Case"), and perhaps others,[1] Adaptix wants to add to the mix of asserted claims and accused products already at issue. Adaptix seeks leave to amend its present contentions to add both products and six additional dependent claims of the United States Patent No. 7,454,212 (the "'212 patent"). In the Case No. 5:13-cv-02023 ("the '2023 Case"), Adaptix had not previously served any contentions, and so Apple, Inc. ("Apple") and AT&T Mobility LLC ("AT&T") seek to strike Adaptix's pending contentions which include the same six dependent claims from the '212 patent. The parties appeared for a hearing on these matters earlier today.

The procedural history of this case would provide an excellent scenario for a law school exam in a course on patent case management in the aftermath of the America Invents Act ("AIA"). Suffice to say here that after a number of machinations in various district courts, the parties found themselves transferred from the Eastern District of Texas, even as other related Texas cases remain there. In the meantime, Adaptix has brought sixteen additional suits in Texas. While venue was being sorted out, the parties and the courts deferred fixing the set of asserted claims and accused products. In the meantime, in the cases that remain in Texas, Judge Craven has recently ruled that under the law governing that jurisdiction's contention amendment requirements, Adaptix may pursue the additional six dependent claims and add to the list of accused products.[2] To mitigate the prejudice to the defendants in those cases, Judge Craven authorized them to supplement their invalidity and claim construction disclosures.[3]

Considering Adaptix's theory that the defendants infringe by virtue of their practice of the so-called LTE standard, and the longstanding public availability of that standard, the court finds little support for Adaptix's claim that it has diligently pursued the amendments it proposes in the

---

[1] Adaptix has indicated to the court that in the other four cases, it is negotiating with the defendants to come to an agreement to amend its infringement contentions.

[2] *See* '1778 Case, Docket No. 126.

[3] *See id.*

Case No.: 13-1778
ORDER RE: INFRINGEMENT CONTENTIONS

five cases.  In this district, diligence is ordinarily a necessary, even if not sufficient, condition of contentions amendments.[4]  And so if these cases alone were before the court, the inquiry would end, leaving Adaptix to pursue the additional products and claims in yet more follow-on suits.  But as noted, this case is not the only one before the court.  In the '2023 Case, the contentions at issue are not amendments, but the original Patent L.R. 3-1 contentions themselves.  And so the diligence requirement need not be met (and for that matter, the good cause and prejudice requirements either).  Under these circumstances, the court is hard-pressed to bar a patentee from pursuing claims and products in the first instance, simply because other related cases omit them.  The court is sympathetic to Apple and AT&T's claim that it proceeded in the '2023 Case with the understanding that it would face the same claims as everyone else, but that sympathy cannot outweigh a patentee's right in a given case to accuse whatever products it wants, consistent with its obligations under Rule 11.  It would thus appear unreasonable to bar Adaptix's proposed amendments from the '1778 Case, particularly when these amendments are proceeding in the Texas suits.

The court fully appreciates the bootstrapping articulated in the previous paragraph, as well as the real costs and burden to the defendants in having to revisit prior art searches and claim construction analyses.  Prior art searches and invalidity experts do not come cheap.  But case management post-AIA requires courts like this one to fashion and tolerate imperfect solutions that best achieve the goal of treating all sides fairly while keeping cases on track.[5]  To mitigate the burden on the defendants, the court will permit them not only to supplement their invalidity contentions, but also will give the defendants the choice (consistent with the court's schedule) of what adjustments to make to the claim construction and other pretrial deadlines.  The court also

---

[4] *See Apple Inc. v. Samsung Electronics Co. Ltd.*, Case No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) ("if the moving party was not diligent, the inquiry should end") (internal quotations omitted).

[5] *See In re Katz Interactive Call Processing Patent Litig.,* 639 F.3d 1303, 1311 (Fed. Cir. 2011).

Case No.: 13-1778
ORDER RE: INFRINGEMENT CONTENTIONS

will require that, for each one of the six dependent claims Adaptix wishes to add to these cases, Adaptix drop one claim.[6] Adaptix will still have 25 claims in play, which give it ample room to maneuver throughout the remainder of the pretrial period.

In sum, the court rules as follows:

1. Adaptix's motion for leave to amend its infringement contentions to add claims and accused products in the '1778 Case is GRANTED. Adaptix shall serve its amended infringement contentions no later than August 30, 2013.

2. Apple's motion to strike Adaptix's infringement contentions in the '2023 Case is DENIED.

3. In all six cases, Adaptix shall be permitted a total of 25 asserted claims.

4. The defendants shall confer among themselves about what changes need to be made to the scheduling order and propose any necessary amended scheduling order no later than August 30, 2013.

IT IS SO ORDERED.

Dated: August 22, 2013

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[6] The court's procedure limiting Adaptix's asserted claim is reasonable because the risk of unduly depriving Adaptix of its due process rights is small, given Adaptix's ability to choose its own asserted claims up to a total of 25. *See id.*

Case No.: 13-1778
ORDER RE: INFRINGEMENT CONTENTIONS