# WILMERHALE

**Mark D. Selwyn**

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

October 7, 2013

The Honorable Paul S. Grewal
United States Magistrate Judge
U.S. District Court for the Northern District of California
Courtroom 5, 4th Floor
280 South First Street
San Jose, California  95113

Re:   ***Adaptix, Inc. v. Apple Inc., et al.*, Case Nos. 5:13-cv-1776-PSG, -1777, and -2023**
      **Letter Brief Opposing Adaptix's Motion for Leave to Amend Infringement**
      **Contentions**

Dear Judge Grewal:

Defendants Apple Inc. ("Apple"), AT&T Mobility LLC ("AT&T"), and Cellco Partnership d/b/a
Verizon Wireless ("Verizon") (collectively, "Defendants")  jointly submit this letter brief in
opposition to  plaintiff Adaptix, Inc.'s ("Adaptix") improperly filed motion[1] dated October 4,
2013 for leave to amend its infringement contentions to add two newly-released Apple products,
the iPhone 5s and iPhone 5c.

The Court heard argument just over two weeks ago on a prior motion by Adaptix to amend its
infringement contentions to add more products of a different defendant (Motorola).  "With great
reluctance," the Court granted Adaptix's motion, but issued the following admonition:  "Let me
be clear.  I'm about at the end of my limit in terms of adding new products to this case, and so
without prejudging anyone's later requests, I would suggest that the time for adding products is
coming to an end and we need to move the case forward."  (9/26/2013 Hearing Tr. at 19.)
Adaptix then sought "to clarify one thing," and asked the Court for guidance regarding whether it
would permit an amendment to add the iPhone 5s and 5c, which Apple released that day.  In
response, the Court informed Adaptix that it was "not about to give [Adaptix] legal advice or an
advisory opinion," but that it did "want to see this case get narrower and not broader as we move
forward," and that it was "not about to keep adding products, given the unique nature of this

---

[1]  For the second time in as many motions, Adaptix has failed to comply with the Court's
August 14, 2013 Order (*see, e.g.*, Dkt. No. 115 in Case No. 5:13-cv-01776-PSG) setting forth the
procedure for resolving discovery disputes by letter brief.  The Order requires the moving party
to file its brief "[b]y no later than 5:00 p.m. Pacific seven (7) court days prior to the date of the
conference…."  With a scheduled hearing date of October 9, 2013, Adaptix's opening letter brief
should have been filed by no later than 5:00 p.m. Pacific on September 30, 2013.  Given that
Adaptix did not file its brief until October 4, 2013, Adaptix should have requested a hearing date
of no earlier than October 16, 2013 to allow Defendants sufficient time to prepare and file their
opposition.  Instead, Defendants had to file this opposition in one business day.

WILMERHALE

The Honorable Paul S. Grewal
October 7, 2013
Page 2

market where new products are released every month, simply because they weren't available at the last iteration." (*Id.* at 19-20.)  The Court further indicated that if Adaptix did bring a motion, the Court was "not going to be terribly moved by the fact that Apple happened to have just issued or released a product the day before." (*Id.* at 20.)

The Court was correct that this case needs to get narrower and not broader.  The arguments that Adaptix makes to justify its proposed amendment are ones that Adaptix could continue to make with each new product introduction.  Indeed, Adaptix is preparing to file similar motions to add new accused products in the related -1774, -1778, and -1844 cases.  The time has come for an end to such amendments.  These cases have been pending nearly nineteen months.  The Defendants have been trying to move these cases forward in an efficient and expeditious manner, but, at every turn, Adaptix is trying to slow them down.  Adaptix's motion should be denied.

## 1.    The Proposed Amendment Will Cause Undue Prejudice To Defendants.

The Patent Local Rules permit a party to amend its infringement contentions by order of the Court "upon a timely showing of good cause…***absent undue prejudice to the non-moving party***…."  Patent L.R. 3-6 (emphasis added).

This litigation is no longer in its early stages.  Most of the cases in these coordinated proceedings[2]—including the -1776 and -1777 cases—were filed in the Eastern District of Texas almost 19 months ago on March 9, 2012.  Adaptix's original infringement contentions were served 14 months ago on August 10, 2012.  Less than seven months of fact discovery now remain before the May 2, 2014 cutoff.  Presumably, Adaptix will seek additional discovery from Apple and third parties (*e.g.*, the supplier of the baseband chip) regarding the iPhone 5s and 5c, such as source code, technical documents, financial data, advertising, and marketing materials.

Under comparable circumstances, this Court has found such a prejudicial effect to warrant denying the addition of a newly-released product notwithstanding the contention—as Adaptix makes here—that the new product "infringes in the same way as the other accused products." *See, e.g., Apple Inc. v. Samsung Electronics Co. Ltd.*, 2013 WL 3246094, at *16-*18 (N.D. Cal. June 26, 2013) (denying addition of recently-released product based on undue prejudice to defendant).  Neither of the cases cited by Adaptix supports a different conclusion.  *See O2 Micro, Inc. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (denying amendment based on lack of diligence without addressing the prejudice prong); *The Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008) (finding no prejudice because defendant had been on notice of plaintiff's desired amendment for months).

---

[2]  The coordinated proceedings consist of Case Nos. 5:13-cv-01774-PSG; 5:13-cv-01776-PSG; 5:13-cv-01777-PSG; 5:13-cv-01778-PSG; 5:13-cv-01844-PSG; and 5:13-cv-02023-PSG.

WILMERHALE

The Honorable Paul S. Grewal
October 7, 2013
Page 3

Adaptix's claim that the Court's September 20, 2013 Order amending the case schedule (*see,
e.g.*, Dkt. No. 129 in Case No. 5:13-cv-1776-PSG) somehow cures the prejudice to the
defendants defies comprehension.  The Court's September 20 Order was entered to alleviate the
prejudice to defendants that resulted from Adaptix's last set of amended infringement
contentions served on August 30, 2013.  The primary prejudicial impact of those contentions
related to the additional patent claims that Adaptix asserted.  To mitigate that prejudice, the
Court adjusted the claim construction schedule and the deadline for amended invalidity
contentions.  This time, however, Adaptix seeks to add two Apple products, which will directly
affect fact and expert discovery, the deadlines for which were not adjusted by the Court's
September 20 Order.  The Court's September 20 Order did not provide any proactive relief to the
prejudice that Defendants would face from the proposed amendment.

## 2.    Judicial Economy Does Not Mandate That Adaptix's Motion Be Granted.

On September 26, 2013, Adaptix filed two new lawsuits that assert the same two patents against
the same defendants and accuse the same two products that are the subject of Adaptix's current
motion.[3]  The new cases render the current proposed amendments both unnecessary and
redundant.  At present, Adaptix is seeking to pursue identical claims, for identical products,
against identical parties, in the same Court.  If any judicial resources are being wasted, it is the
resources that Adaptix is forcing the Court to expend on the current motion.

Further, Adaptix has not shown that any judicial economy would in fact be gained by adding
these two new products at this late date.  Every time another product is added, it creates
additional issues (*e.g.*, infringement, damages, etc.) that will need to be addressed and resolved
by the Court and/or a jury for each of these additional products, further complicating an already
complex piece of litigation.  *See, e.g., Apple Inc.*, 2013 WL 3246094, at *18 (noting the tax on
the court's resources of adding new products late in the case).  The same, however, cannot
necessarily be said for the newly-filed cases.  Given that the same patents and parties are
involved, it is highly likely that the resolution of the current litigation will influence the
resolution of the newly-filed cases.  Defendants respectfully submit that denying Adaptix's
motion and staying its newly-filed cases pending resolution of the current cases would be the
most effective way to conserve judicial (and party) resources.

The three cases cited by Adaptix for its judicial economy argument do not lead to a different
conclusion.  First, in all three instances, the courts first concluded that the plaintiffs had been
diligent in pursuing amended infringement contentions and that the amendments would not result
in undue prejudice to the defendants.  *See TiVo, Inc. v. Verizon Communications, Inc.*, 2012 WL
2036313, at *2 (E.D. Tex. June 6, 2012); *The Board of Trustees of the Leland Stanford Junior
University*, 2008 WL 624771, at *3-*4; *3Com Corp. v. D-Link Systems, Inc.*, 2007 WL 949599,

---

[3]   *See* 3:13-cv-4468-LB and 3:13-cv-4469-EDL.  Adaptix has not yet served the new cases.
Once served, the Defendants intend to move to stay the new cases pending the resolution of Case
Nos. 5:13-cv-1776-PSG, -1777, and -2023.

WILMERHALE

The Honorable Paul S. Grewal
October 7, 2013
Page 4

at *7-*8 (N.D. Cal. Mar. 27, 2007).  Second, all three cases apparently involved solitary lawsuits between the parties.  *Id.*  That is not remotely the case here, where Adaptix already has six coordinated lawsuits pending in this Court, has filed two more cases in this District that already accuse the iPhone 5s and 5c of infringement, and has filed over 20 cases involving the same patents in the Eastern District of Texas.  The "judicial economy" horse that might otherwise caution against generating additional lawsuits bolted long ago, relegating Adaptix's argument to little more than a belated attempt to close the stable door.

Defendants therefore respectfully request that the Court deny Adaptix's motion to add the iPhone 5s and 5c to this litigation.

Sincerely yours,


*/s/ Mark D. Selwyn*
Mark D. Selwyn
Counsel for Apple Inc.

*/s/ Christopher A. Hughes*
Christopher A. Hughes
Counsel for AT&T Mobility LLC

*s/ Mark D. Flanagan*
Mark D. Flanagan
Counsel for Cellco Partnership d/b/a Verizon Wireless

## <u>LIST OF CONFERENCE PARTICIPANTS</u>

Pursuant to the Court's August 14, 2013 Order Regarding Procedure for Resolution of Disputes Concerning Discovery and Other Non-Dispositive Issues, Apple Inc. identifies Mark D. Selwyn, AT&T Mobility LLC identifies Christopher A. Hughes, and Cellco Partnership d/b/a Verizon Wireless identifies Geoffrey M. Godfrey as the individuals who will participate in the upcoming conference with the Court.